Moutier v. Stumpe.

---

MICHAEL MOUTIER, Respondent, v. F. W. STUMPE *et al.*, Defendants; F. W. STUMPE, Appellant.

St. Louis Court of Appeals, February 4, 1890.

Criminal Law: COMPENSATION FOR BOARD FURNISHED TO PRISONERS. When a jailor furnishes board to prisoners he, and not the sheriff of the county, is entitled to the sums allowed therefor by the county court.

*Appeal from the Franklin Circuit Court.* — HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*J. C. Kiskaddon* and *C. F. Gallenkamp*, for the appellant.

*John W. Booth*, for the respondent.

Biggs, J., delivered the opinion of the court.

This is a controversy between the plaintiff and F. W. Stumpe, appellant, as to the ownership of a certain sum of money in the hands of the defendant John C. Weimer, paid to him as clerk of the circuit court of Franklin county. The money was paid to Weimer by the county as costs incurred for the board of certain prisoners convicted of misdemeanors and committed to the county jail.

There seems to be no dispute about the facts out of which this litigation has arisen, and they may be stated briefly as follows: One Oscar Ehlers was sheriff of Franklin county from November 16, 1886, to the sixteenth day of November, 1888. During Ehlers' term of office the plaintiff held the position of jailor; he discharged all the duties incident to the position and furnished, at his own expense, board to all prisoners confined in the jail. There was no express contract between the plaintiff and the sheriff as to the compensation of the plaintiff for boarding prisoners confined in the jail, but in their settlements the sheriff conceded that all sums allowed by the county for the board of the prisoners belonged to the plaintiff, and the latter always received the same for compensation for taking care of the jail and boarding the inmates.

It also appeared that it was the practice of the clerk of the circuit court, in making up his fee bills, to tax the board of prisoners in favor of the sheriff, under the belief that the sheriff was the only person in whose favor such fees could be legally taxed. On the seventh day of January, 1889, the sheriff delivered to the defendant Stumpe a written order in which he directed the defendant Weimer to pay to Stumpe all fees due him, Ehlers, as late sheriff of Franklin county. This order was given to secure the payment of a certain debt due from Ehlers to Stumpe as trustee for one Minnie Rusche. It was admitted that, as to the fees here

claimed, no settlement had ever been made between the plaintiff and the sheriff.

Under this state of facts, the plaintiff claimed that he, as jailor, was entitled to all fees allowed for the board of prisoners, and the defendant Stumpe made claim to the fund under the assignment. In order to settle the controversy this proceeding was instituted in the circuit court, and Stumpe and Weimer were made defendants. Ehlers had absconded. The cause was submitted to the court, and a judgment was rendered for the plaintiff, by which the defendant Weimer was ordered to pay the money to the plaintiff. From that judgment the defendant Stumpe has appealed.

The plaintiff's counsel contends that the judgment is right and ought to be upheld upon either one of two theories: (1) That the fees belonged to the plaintiff, and ought to have been taxed in his favor. (2) That the fees, although taxed in favor of the sheriff, did not, when collected, belong to him in his own right, but that his right thereto was charged with a trust in favor of the plaintiff.

On the other hand, the appellant insists that the fees in controversy belonged to the sheriff, and were properly taxed in his favor; that the plaintiff was only an employe of the sheriff, and, if the latter was indebted to him for the board of prisoners, this would only make him an ordinary creditor of the sheriff, and that, as such, he had no lien or claim on the fees superior to that of any other creditor.

All fees and costs in civil and criminal cases are governed and fixed by the statute, and, therefore, all controversies growing out of the taxation of fees or costs must be determined by the statute law of the state.

Section 5609, Revised Statutes, 1879, provides for the payment to sheriffs, marshals or *other officers* of a sum not exceeding fifty cents per day for the board of each prisoner, etc.

Section 6071 provides that the sheriff of each county shall have the custody, keeping and charge of the jail and he may *appoint* a *jailor* under him, for whose conduct he shall be responsible, etc.

By section 6072, it is made the duty of the sheriff and *jailor* to receive all persons committed to jail, etc., and "if any *sheriff* or *jailor* shall refuse to receive such person or persons, he shall be adjudged guilty of a *misdemeanor*," etc.

Section 6078 reads as follows: "Whenever any person, committed to jail upon any criminal process, under any law of this state, shall declare, on oath, that he is unable to buy or procure necessary food, the *sheriff* or *jailor* shall provide such prisoner with food*, for which he *shall be allowed* a reasonable compensation to be fixed by law."

Other provisions of the statute make it the duty of the *sheriff or keeper of the jail* to receive prisoners from other counties where there are no jails, and to produce them before the circuit courts of the counties appointed for the trial of such prisoners; and in case of a failure or refusal to discharge the duties thus imposed the *sheriff or keeper of the jail* shall be deemed *guilty of contempt* and be punished by *fine and imprisonment* in the county jail, etc. And in this connection, section 6094 provides as follows: "The said sheriff or *keeper of the jail* may, also, in the discretion of the said court, be *removed from office*, and *rendered incapable* of *holding* or *executing the same thereafter*."

The idea that the jailor of a county is only the servant or employe of the sheriff cannot be harmonized with the foregoing provisions of the statute. It is true that the jailor owes his position to the sheriff, and it is equally true that he holds it during the pleasure of his superior, but this does not necessarily make him a servant or employe. That the keeper of a county jail holds an independent official position, is to be gathered

from the entire statute on the subject, and it is rendered incontrovertible by section 6094, which expressly provides, that the *keeper of the jail* may, by an order of court, *be removed from office, and rendered incapable of holding or executing the same thereafter.* The sheriff himself may act as jailor, but, when he appoints some one else to the position, he thereby creates an independent official, upon whom the statute imposes certain official duties. It follows from this that the plaintiff's compensation for boarding the prisoners did not depend upon any private contract with Ehlers, but was fixed and regulated by section 6078, *supra*, which provides, that, if the *jailor* of a county shall furnish any prisoner with board, *he shall be allowed* therefor such compensation as shall be fixed by law.

Our conclusion is that the fees in controversy should have been taxed in favor of the plaintiff, as it is admitted that he furnished the board. This result inevitably leads to an affirmance of the judgment. It is so ordered. All the judges concur.